UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 13 |
| Jessel T Toledo and Helen S Toledo,<br>  Debtors. | Case No. 12–27392–svk |

| | |
|---|---|
| Jessel T Toledo<br>Helen S Toledo<br>           Plaintiffs.<br>   v.<br>WaterStone Bank SSB<br>           Defendant. | Adversary No. 12–02807–svk |

## JUDGMENT ON STIPULATION

Take notice that a judgment is hereby entered incorporating the terms of the attached Order on Stipulation.

Dated: December 10, 2012         **JANET L. MEDLOCK**
                                 Clerk of Court

                                 By:   Kristina L.
                                       Deputy Clerk

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: December 10, 2012



Honorable Susan V. Kelley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| In re | ) | |
|---|---|---|
| | ) | Bankruptcy Case No. 12-27392-svk |
| JESSEL T TOLEDO and | ) | |
| HELEN S TOLEDO, | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JESSEL T TOLEDO and | ) | Adversary No. 12-02807-svk |
| HELEN S TOLEDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| WATERSTONE BANK SSB, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON STIPULATION

Upon consideration of the Stipulation between Jessel T Toledo and Helen S Toledo ("Debtors") and Waterstone Bank SSB ("Creditor") regarding the second mortgage lien held by Creditor which encumbers property more commonly known as 7981 S Bernards Way, Oak Creek, WI 53154, and the entire record in this case,

Drafted by:
Heidi N. Miller
State Bar No. 1087696
735 W. Wisconsin Avenue, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 - Fax
E: heidi@dela-law.com

**IT IS THEREFORE ORDERED:**

1. Creditor's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtors' Chapter 13 Plan.
2. The avoidance of Creditor's second lien is contingent upon the Debtors' completion of the Chapter 13 plan and the Debtors' receipt of a Chapter 13 discharge.
3. Creditor shall retain its lien for the full amount due under the subject loan should the subject property be sold or should a refinance take place prior to the Chapter 13 Plan completion and entry of a Discharge.
4. Creditor shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code.
5. In the event that any entity, including the holder of the first lien on the Subject Property, forecloses on its security interest and extinguishes Creditor's lien prior to the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.
6. Each Party will bear their own attorneys' fees and cost incurred in the present adversary case number 12-2807-svk.

####